MICHIGAN RAILROAD COMMISSION *v.* MICHIGAN CENTRAL RAILROAD CO.

MANDAMUS—RAILROADS—CONSTITUTIONAL LAW — MICHIGAN RAILWAY COMMISSION.

> An order of the Michigan railroad commission fixing a minimum rate for excess baggage to be charged by steam railroads, not confiscatory in amount, is enforceable by mandamus although a proceeding in equity is pending on appeal in the Supreme Court for a determination of the legality of the action of such commission; an injunction to restrain the enforcement of the order having been denied in the chancery proceeding.

Mandamus by the Michigan railroad commission to compel the Michigan Central Railroad Company and others to put in force an order fixing certain excess baggage rates. Submitted November 16, 1909. (Calendar No. 23,675.) Writ granted February 3, 1910.

*John E. Bird,* Attorney General, and *Lucking, Emmons & Helfman,* for relator.

*McPherson, Bills & Streeter* (*O. E. Butterfield, James H. Campbell,* and *L. C. Stanley,* of counsel), for respondents.

McALVAY, J. This is an application on the part of relator for a writ of mandamus to compel the respondent railway companies to put in force an order adopted by relator January 15, 1909, fixing a tariff of rates for excess baggage, and also to put in force the modification of said order made August 4, 1909. Relator is a body politic and corporate, known as the Michigan railroad commission, organized and existing under Act No. 300, Pub. Acts 1909, and is the successor to Michigan railroad commission, heretofore organized and existing under Act No. 312, Pub. Acts 1907. The order of January 15, 1909, was

made by relator under the duties and powers vested in it by law, upon proceedings duly taken before it by petition filed July 10, 1908, and after a full hearing. After this order was promulgated and served, respondents, being dissatisfied, asserted their rights under the statute by proceeding against relator by bill in chancery in the Wayne circuit court to vacate and set aside such order as unlawful and unreasonable, praying that pending the determination of the validity of the order the commission be enjoined from making said order effective, and from commencing any proceeding to enforce compliance therewith. A temporary injunction was also asked. After a hearing the injunction was denied, and respondents then applied to this court for a writ of mandamus to compel the issuance of such injunction. A temporary stay of proceedings was granted, and after full argument the writ was denied. *Michigan Cent. R. Co.* v. *Wayne Circuit Judge*, 156 Mich. 459 (120 N. W. 1073). Afterwards the case came on for hearing before the circuit court on May 29, 1909. These respondents, who were the complainants, offered no evidence. All the evidence in the case was put in on the part of relators. A final decree denying relief was granted September 27, 1909. An appeal has been taken from such decree to this court, and is now pending.

On June 8, 1909, a petition was filed before relator by parties duly authorized by law so to do, complaining that the minimum charges fixed by the order of January 15th were unreasonable and excessive. This petition was answered by respondents, and was heard July 21, 1909; the hearing being confined to the consideration of minimum charges. After due consideration on August 4, 1909, relator made an order modifying the order of January 15th, and making a single minimum charge of 25 cents. This was the only modification made. After service of this order respondents, except the Grand Rapids & Indiana Railway Company, filed another bill to set aside and vacate the order of August 4th, and the order of January

15th as affected by that order. Relator has answered this bill, denying all equities. Within a few days of the time when this last bill in chancery was filed, respondent Grand Rapids & Indiana Railway Company filed its bill in the Kent circuit court, in chancery, against relator, to vacate and set aside as invalid the order of August 4, 1909. Relator has answered this bill, denying all equities. The statute provides that the order fixing rates shall take effect and become operative in 20 days after service thereof, and all railroads to which the order applies shall make such changes in their schedule on file as may be necessary to conform with such order; that all rates fixed by the commission shall be in force and *prima facie* lawful and reasonable until finally found otherwise, or until changed or modified by the commission. The orders of the commission herein referred to have not been put in force and made effective by respondents. They neglect and refuse to comply with them. It appears from the records of these proceedings that on the hearing before the circuit court, and before this court in asking for a mandamus to compel the court to grant an injunction, respondents admitted that the rates fixed by the order of the commission were not confiscatory. We do not find that such claim is now made.

In the opinion of this court written by Mr. Justice GRANT, handed down when respondents' application for a writ of mandamus to compel the issuance of an injunction was denied, all of the facts in the case were stated at length. Reference is had to such opinion, to be read in connection with, and necessarily a part of, this opinion. *Michigan Cent. R. Co.* v. *Wayne Circuit Judge, supra.* Such reading clearly indicates the opinion of this court that the rates fixed in the order complained of should be operative and continue in force as provided by law. Since that time respondents have had opportunity, at the final hearing of the chancery case, to produce evidence in support of their contention, and have failed to do so. The circuit court found against them, and a final decree was

entered accordingly. The fact that the case is now in this court upon an appeal from such decision does not, in our opinion, affect the question of the application of the statute. In fact the prospect of a term of years elapsing before a final determination of the questions raised is, under the circumstances of this case, a cogent reason why the legislature provided that the order should be effective during such delays. That in certain cases such orders ought to be suspended is probably true, but we think the authorities support the contention of relator that these orders should be put in force by respondents. *City of Knoxville* v. *Water Co.,* 212 U. S. 1 (29 Sup. Ct. 148).

The statute provides a remedy by mandamus. The writ will issue.

OSTRANDER, HOOKER, BROOKE, and BLAIR, JJ., concurred.